UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HUASICA, | No. 2:23-cv-02271-CKD P |
| Petitioner, | |
| v. | ORDER |
| WARDEN, FCI HERLONG, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.     2241 Petition**

In his two-page habeas application, petitioner asks the court to order the Bureau of Prisons to apply an unspecified number of time credits pursuant to the First Step Act to his sentence.[1] However, the petition does not contain any supporting facts to justify this request for relief. It appears to the court that the petition is missing pages because the last sentence on the first page does not continue on the second page. Although petitioner attached several pages of exhibits to the petition, the court is unable to decipher exactly how they support petitioner's request for relief. ECF No. 1 at 3-7.

---

[1] Hereinafter, the court refers to the First Step Act as the "FSA."

## II.  Preliminary Review Requirement

Rule 4 of the Rules Governing § 2254 Cases requires the court to conduct a preliminary review of each petition for writ of habeas corpus.[2] While pro se habeas corpus petitions are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court must dismiss a petition "[i]f it plainly appears from the petition...that the petitioner is not entitled to relief." Rules Governing Habeas Corpus Cases Under Section 2254, Rule 4; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error.  Mayle v. Felix, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding").  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks, 908 F.2d at 491.  A court may dismiss a petition when "it appears from the application that the applicant or person detained is not entitled" to habeas relief.  28 U.S.C. § 2243.  However, a habeas petition should not be dismissed without leave to amend "unless it appears that no tenable claim for relief can be pleaded were such leave to be granted."  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

## III.  Analysis

Petitioner's request for the application of FSA time credits is an attempt to challenge the execution of his federal sentence.  Therefore, a § 2241 petition is the correct procedural vehicle for petitioner's challenge.  However, the petition does not identify any specific time credits which the BOP has failed to credit to his projected release date.  As a result, his habeas corpus petition does not sufficiently state any claim for relief.  See 28 U.S.C. § 2241(c)(3) (emphasizing that "The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States.").  For this reason, the petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases.  Therefore, the petition is dismissed

---

[2] The Rules Governing § 2254 cases in the United States Courts may be applied to habeas corpus petitions filed pursuant to 28 U.S.C. § 2241.  See Rules Governing Habeas Corpus Cases Under Section 2254, Rule 1(b).

1  with leave to amend.  Rule 4, Rules Governing Section 2254 Cases.  In the amended petition,

2  petitioner must set forth each claim for relief and summarize the facts he alleges support each of

3  the identified claims.

4        The court also notes that petitioner has not filed a request to proceed in forma pauperis or

5  paid the required filing fee of $5.00.  See 28 U.S.C. §§ 1914(a); 1915(a).  Petitioner will be

6  provided the opportunity to either submit the appropriate affidavit in support of a request to

7  proceed in forma pauperis or submit the appropriate filing fee.

8        Accordingly, IT IS HERBY ORDERED that:

9        1.  Petitioner's application for a writ of habeas corpus (ECF No. 1) is dismissed with leave

10  to amend.

11        2.  Within 30 days from the date of this order, petitioner may file a first amended § 2241

12  petition containing all of his claims for relief including any relevant attachments.

13        3.  Petitioner is also ordered to submit, within thirty days from the date of this order, an

14  affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee.

15        4. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis

16  form used by this district.

17        5. The failure to file an amended petition and in forma pauperis application within the

18  time provided shall result in a recommendation that this action be dismissed pursuant to Rule

19  41(b) of the Federal Rules of Civil Procedure.

20  Dated: November 20, 2023

21                          _____

22                          CAROLYN K. DELANEY
                        UNITED STATES MAGISTRATE JUDGE

25  12/huas2271.2241.lta